United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SANTOS CATALINA REYES CASTANEDA, "Petitioner," | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-01130 |
| | § | |
| WARDEN, El Valle Detention Center, "Respondent." | § | |

**ORDER**

Before the Court is Petitioner's "Verified Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 2) ("Petition"); "Emergency Motion for Expedited Order to Show Cause" (Dkt. No. 3) ("Emergency Motion"); and "Motion for Appointment of Counsel" (Dkt. No. 3) ("Motion for Appointment"). For these reasons, the Petition (Dkt. No. 2) is **DENIED**.

Petitioner is a Honduran citizen and national, who has been detained at the El Valle Detention Center since August 25, 2026. Dkt. No. 2 at 1. On October 19, 2026, an Immigration Judge ("IJ") issued a removal order for which the appeals are due by November 18, 2026. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited October 27, 2026).[1] Petitioner therefore remains in removal proceedings[2], and challenges Respondents' ability to detain her without a bond hearing during the pendency of those proceedings. Dkt. No. 2 at 2-4.

The Court finds that 8 U.S.C. § 1225(b)(2) authorizes Petitioner's detention, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and any constitutional claims contesting detention without a bond hearing or individualized custody determination are foreclosed by the Fifth Circuit's decision in *Rodriguez v. Vergara*, No. 26-50183, ___ F.4th ___, 2026 WL 3181188 (5th Cir. Oct. 23, 2026).

---

[1] The Court confirmed this information on the Executive Office for Immigration Review's case information website by inputting Petitioner's A-number and nationality.
[2] A removal order becomes "administratively final" for purposes of detention under 8 U.S.C. § 1231(a)(1)(B)(i) upon "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

For these reasons, the Petition (Dkt. No. 2), Emergency Motion (Dkt. No. 3), and Motion for Appointment[3] (Dkt. No. 4) are **DENIED**.

Signed on this 10th day of November 2026.

Rolando Olvera
United States District Judge

[3] A district court need only appoint counsel for a §2241 petitioner if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Because Petitioner's claims are without merit, the interests of justice do not require that Petitioner receive appointed counsel before the Court's dismissal of this case.